# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Muzi Zhou, et al.

**(b)** County of Residence of First Listed Plaintiff: California
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Inder D. Paul, Esquire, Weber Gallagher
2000 Market St., Phila Pa. 19103 (215) 972-7900

### DEFENDANTS

Tianuyan Gu

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☒ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1332

Brief description of cause:
conversion, fraud, unjust enrichment, and breach of contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| MUZI ZHOU, et aL, | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )    Civil Action No. |
| TIANUYAN GU | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> TIANUYAN GU
> 2240 W. Oregon Avenue
> Philadelphia, PA 19145

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Inder D. Paul, Esquire
> Weber Gallagher Simpson Stapleton Fires & Newby, LLP
> 2000 Market Street, 13th Floor
> Philadelphia, PA 19103
> inder.paul@wglaw.com; ldaly@wglaw.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| Muzi Zhou, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Tianuyan Gu | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  Tianuyan Gu

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent.   Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:      06/11/2025

*Inder D. Paul*

*Signature of the attorney or unrepresented party*

Inder D. Paul, Esquire
*Printed name*

Weber Gallagher Simpson
Stapleton Fires & Newby LLP
2000 Market St., 13th Fl., Phila., PA 19103
*Address*

inder.paul@wglaw.com; ldaly@wglaw.com
*E-mail address*

703-303-8670
*Telephone number*

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:_____Philadelphia and California

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?   Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **see certification below**
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☐ **does not** have implications beyond the parties before the court and ☐ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MUZI ZHOU** | : |
| **2070 Caleta Court** | : |
| **Carlsbad, CA 92009** | : |
| **and** | : |
| **BRIAN LEUNG** | : |
| **2070 Caleta Court** | : |
| **Carlsbad, CA 92009** | : |
| **and** | : |
| **CHUNHIN LEUNG** | : |
| **106 Statura** | : |
| **Irvine, CA  92602** | : |
| **and** | : |
| **HONG VUONG** | : |
| **637 Rama Drive** | : |
| **La Puente, CA 91746** | : |
| **and** | : |
| **SHAOXIA LI** | : |
| **2070 Caleta Court** | : |
| **Carlsbad, CA 92009** | : |
| **and** | : |
| **VILLASTAY, LLC** | : |
| **17 Bellflower** | : |
| **Lake Forest, CA 92630** | : |
| **and** | : |
| **FANLI INC.** | : |
| **20 Bellflower** | : |
| **Lake Forest, CA 92630** | : |
| | : |
| | : |
| | : |
| | : |
| **Plaintiffs** | : **NO.** |
| | : |
| **v.** | : |
| | : |
| **TIANUYAN GU** | : |
| **2240 W. Oregon Avenue** | : |
| **Philadelphia, PA 19145** | : |
| **Defendant** | : |

## CIVIL ACTION – COMPLAINT

Muzi Zhou, Brian Leung, Chunhin Leung, Hong Vuong, Shaoxia Li, and VillaStay LLC (hereinafter "Plaintiffs"), by and through their undersigned counsel, herein file this Complaint against Defendant Tianuyan Gu ("Defendant"), and in support thereof, aver as follows:

### Jurisdiction And Venue

1.     Complete diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 et. Seq. in that Plaintiffs and Defendant are citizens and residents of different States.

2.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1332(a)(1) because (1) there is complete diversity of citizenship between Plaintiffs, who are citizens and residents of the State of California for the purposes of diversity jurisdiction 28 U.S.C. § 1332, and Defendant Tianuyan Gu is a citizen and resident of Pennsylvania, and more specifically resides in Philadelphia County, and (2) the matter in controversy exceeds $75,000.00, exclusive of interests and costs.

3.     Venue is proper because the facts leading to the transaction, including the wrongful use of $320,191.27 by Tianuyan Gu occurred in Philadelphia, Pennsylvania, and Plaintiffs are willing and able to avail themselves to this jurisdiction for the purpose of this lawsuit.

### Parties

4.     Plaintiff Muzi Zhou is an adult individual who resides in California at the address set forth in the caption above.

5.     Plaintiff Brian Leung is an adult individual who resides in California at the address set forth in the caption above.

6.     Plaintiff Chun Hin Leung is an adult individual who resides in California at the address set forth in the caption above.

7.      Plaintiff Chunhin Leung is an adult individual who resides in Irvine, California at the address set forth in the caption above.

8.      Plaintiff Hong Vuong is an adult individual who resides in La Puente, California at the address set forth in the caption above.

9.      Plaintiff Shaoxia Li is an adult individual who resides in Carlsbad, California at the address set forth in the caption above.

10.     Plaintiff VillaStay LLC is a California limited liability company with a registered address in Lake Forest, California.

11.     Defendant Tianuyan Gu, upon information and belief, is an adult individual who resides in Philadelphia, Pennsylvania at the address set forth in the caption above.

12.     Defendant Fanli, Inc. is a California corporation with a registered address in Lake Forest, California.

## Statement of Facts

13.     On or about August 16, 2019, Plaintiffs loaned Defendants the sum of $16,250.00 at an interest rate of 5%. The mature date for said loan was October 1, 2019, with a return capital of $17,062.50.

14.     On or about October 3, 2019, Plaintiffs loaned Defendants the sum of $17,062.50 at an interest rate of 13%. The maturity date for said loan was April 3, 2019, with a return capital of $19,280.63.

15.     On or about July 31, 2020, Plaintiffs loaned Defendants the sum of $25,000.00, at an interest rate of 12%. The return capital of this loan was $28,000.00. The proceeds of this loan were to be used for the Folsom Project.

16.    On or about August 1, 2020, Plaintiffs loaned Defendants the sum of $25,000.00 and the proceeds were to be used for the Mr. Crowd Folsom Equity Project.

17.    On or about November 1, 2020, Plaintiffs loaned Defendants the sum of $2,500.00, at an interest rate of 5%. The maturity date for said loan was December 1, 2020, with a return capital of $2,625.00.

18.    On or about November 30, 2020, Plaintiffs loaned Defendants the sum of $20,000.00, at an interest rate of 12%. The maturity date for said loan was December 16, 2021, with a return capital of $22,400.00. The proceeds of this loan were to be used for the 1603 Phillips Project.

19.    On or about January 1, 2021, Plaintiffs loaned Defendants the sum of $9,327.08 at an interest rate of 13%. The return capital for said loan was $10,539.60. The proceeds were to be used for the 1852 McClellan Project.

20.    On or about January 1, 2021, Plaintiff Class D loaned Defendants the sum of $30,500.00, at an interest rate of 12.09%. The maturity date for said loan was January 1, 2022, with a return capital of $34,187.45. The proceeds of this loan were to be used for the 1852 McClellan Project.

21.    On or about January 4, 2021, Plaintiff loaned Defendants the sum of $1,500.00, at an interest rate of 12.93%. The return capital for this loan was $1,694.00 and it was noted that the proceeds were to be used for the Mr. Crowd Folsom Equity Project.

22.    On or about January 5, 2021, Plaintiff Chunhin Leung loaned Defendant Skywide Real Estate LLC the sum of $9,327.08, at a 13% interest rate to be accrued over 12 months. The return capital for this loan was $10,539.60. The proceeds from this loan were to be used for the 1852 McClellan Project. A true and correct copy of the loan agreement between Chunhin Leung

and Skywide Real Estate LLC, which is executed by Defendant Tianyuan Gu on behalf of Skywide Real Estate LLC, is attached hereto as Exhibit "A".

23.    On or about January 7, 2021, Plaintiffs loaned Defendants the amount of $11,926.02.

24.    On or about January 7, 2021, Plaintiffs loaned Defendants the amount of $19,426.02.

25.    On or about January 25, 2021, Plaintiffs loaned Defendants the amount of $7,181.00.

26.    On or about January 30, 2021, Plaintiff Brian Leung loaned Defendants the sum of $9,327.08, at an interest rate of 13% to be accrued over 12 months (maturity date January 30, 2022). The return capital for this project was $10,539.60. The proceeds for this loan were to be used for the 1852 McClellan Project.

27.    On or about April 1, 2021, Plaintiffs loaned Defendants the amount of $19,092.02 at a 12% interest rate. The maturity date for said loan was April 1, 2022 and the proceeds for this loan were to be used for the as Dorrance/Mercy Project.

28.    On or about April 9, 2021, Plaintiffs loaned Defendants the sum of $20,833.00.

29.    On or about June 1, 2021, Plaintiffs loaned Defendants the sum of $19,092.02 at a 15% interest rate. The maturity date of said loan was June 1, 2022.

30.    On or about June 1, 2021, Plaintiff Brian Leung loaned Defendants the sum of $22,400.00 at a 12% interest rate. The maturity date for said loan was June 1, 2022, and the return amount was $25,088.00. The proceeds for this loan were to be used for the1616 Ringgold Project.

31.    On or about June 1, 2021, Plaintiff Brian Leung loaned Defendants the sum of $19,092.02 at an interest rate of 12%. The maturity date for said loan was June 1, 2022, with a

return amount of $21,383.06. The proceeds for this loan were to be used for the 1616 Ringgold Project.

32.    On or about June 1, 2021, Plaintiffs loaned Defendant the sum of $42,126.00 at an interest rate of 12.68%. The maturity date for said loan was June 1, 2022, with a return in the amount of $47,467.58. The proceeds for this loan were to be used for the 1616 Ringgold Project.

33.    On or about June 1, 2021, Plaintiff Chunhin Leung loaned Defendant the sum of $22,400.00 at an interest rate of 12%. The maturity date for said loan was June 1, 2022, and the return amount was $25,088.00.

34.    On or about June 15, 2021, Plaintiff Fanli Inc. loaned Defendant the sum of $10,000.00 at a 10% interest rate. The maturity date on said loan was June 15, 2022. It was noted that the proceeds of this loan were to be used for the 5134 Folsom Project.

35.    On or about August 1, 2021, Plaintiffs loaned Defendants the sum of $25,000.00. The proceeds of this loan were to be used for Mr. Crowd Folsom Equity Project.

36.    On or about August 18, 2021, Plaintiff Brian Leung loaned Defendants the sum of $32,160 at a 15% interest rate. The maturity date for said loan was August 18, 2022, and the return amount was $36,984.00. The proceeds from this loan were to be used for the 124 Mercy Street Project.

37.    On or about September 29, 2021, Plaintiff Shaoxia Li and Unicore Real Estate Trust entered into an agreement for 700 shares of Class A Trust Shares at $100.00 per share. The full loan amount was $70,000.00 and was funded over ACH.

38.    Plaintiffs loaned Defendant several amounts of money over several months for purchasing properties in Pennsylvania and providing return on investments by the Defendants to

the Plaintiff. The Plaintiffs provided the agreed upon sums of money. The Defendant did not hold up his end of the bargain.

39.    On or about June 30, 2022, Plaintiff Brian Leung loaned Defendants the amount of $11,500.00.

40.    On or about September 1, 2022, Plaintiff Brian Leung loaned Defendants the sum of $25,088.00.

41.    On or about September 1, 2022, Plaintiff Brian Leung loaned Defendants the sum of $21,383.06.

42.    On or about December 1, 2022, Plaintiff Brian Leung loaned Defendants the sum of $36,984.00.

43.    On or about March 7, 2023, Plaintiff Brian Leung loaned Defendants the sum of $12,120.54.

44.    On or about August 19, 2023, Plaintiff VillaStay LLC entered into a loan agreement with Tianyuan Gu for the sum of $318,617.27 through Mr. Crowd. The interest rate was 15% and was to be compounded monthly. The loan was to be repaid over 5 years in monthly installments starting on September 1, 2023, until final payment on September 1, 2028, or an additional 7% interest will be added.  The proceeds for this loan were to be used for 124 Mercy, 1157 Dorance Street and 5134 Folsom Street Properties. Tianyuan Gu personally guaranteed the loan. VillaStay LLC includes investments through Mr. Crowd as follows:

     a.    Chunhin Leung - $109,191.62

     b.    Muzi Zhou - $30,000.00

     c.    Hong Vuong - $11,000.00

     d.    Fanli Inc. - $10,000.00

    e.  Zihui Zhang - $34,999.65

    f.  Vincy Wai - $10,000.00

    g.  Unicore - $71,300.00

    h.  Class C - $42,126.00

Defendant personally guaranteed returns on money received from the Plaintiff. The total sum of monies received from the Plaintiffs to the Defendant was $320,191.27. Defendant reacknowledged this existing debt to the Plaintiffs. See Loan Repayment and Liability Transfer Agreement attached hereto as Exhibit "B".

45.    Plaintiff Chunhin Leung loaned Defendants the sum of $10,000.00 at an interest rate of 15%. The return amount was $11,500.00. The proceeds of this loan were to be used for the 5134 Folsom Street Project.

46.    Plaintiff Hong Vuong loaned Defendants the sum of $11,000.00 at an interest rate of 10%. The expected maturity date for said loan was June 1, 2022, and the return amount was $12,100.00. The proceeds of this loan were to be used for the 5134 Folsom Street Project.

47.    Plaintiff Brian Leung loaned Defendants the sum of $22,400.00 at an interest rate of 12%. The return amount was $25,088.00 and the proceeds of this loan were to be used for the 1616 Ringgold Street Project.

48.    Plaintiff Brian Leung loaned Defendants the sum of $19,092.02 at an interest rate of 12%. The return amount for this loan was $21,383.06 and the proceeds of this loan were to be used for the 1616 Ringgold Street Project.

49.    Plaintiff Class C loaned Defendants the sum of $42,126.00 at a 12.68% interest rate. The return amount of this loan was $47,467.59 and the proceeds were to be used for the 1616 Ringgold Street Project.

50.     Plaintiff Fanli Inc. loaned Defendants the sum of $10,000 at an interest rate of 10%. The return amount of this loan was $11,000 and the proceeds were to be for the 1616 Ringgold Street Project.

51.     Plaintiff Muzi Zhou ("KIKO") loaned Defendants the sum of $30,000.00 at an interest rate of 15%. The return amount of this loan was $34,500 and the proceeds were to be used for the 1157 Dorrance Street Project.

52.     Plaintiff Unicore loaned Defendants the sum of $71,300.00 at a 15% interest rate. The return amount for this loan was $81,995.00 and the proceeds were to be used for the 1157 Dorrance Street Project.

53.     Plaintiff Brian Leung loaned Defendants the sum of $32,160 with an interest rate of 15%. The return amount for this loan was $36,984.00 and the proceeds were to be used for the 124 Mercy Street Project.

54.     Plaintiff Brian Leung loaned Defendants the sum of $10,539.00 at an interest rate of 15%. The return amount of this loan was $12,120.00 and the proceeds were to be used for the 124 Mercy Street Project.

55.     Defendant reacknowledged his existing debt to Plaintiffs and agreed to pay $320,191.27. A copy of the agreement, prepared by Defendant, acknowledging the debt and repayment of the same is attached herewith as Exhibit "B".

## COUNT I
## CONVERSION
## Plaintiff v. Defendants

56.     Plaintiffs hereby incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

57.     Defendants have, and continue, to illegally retain $320,191.27 Dollars of Plaintiffs' money without any legal or factual justification and have converted the same for his own use.

58.     As a result of Defendant's actions, Plaintiffs were harmed and will continue to be harmed until the return of the $320,191.27 is completed.

59.     Retention of these benefits by Defendant is unjust and inequitable and deprives Plaintiffs' access to their personal property that was put into Defendant's custody pursuant various agreements that defendant breached.

60.     As a result of Defendant's conduct, Plaintiffs have suffered damages in an amount to be proven at trial and seek equitable relief in the form of Restitution and Affirmative Injunctive Relief to order the return of their personal property.

61.     Plaintiffs are entitled to restitution of all damages incurred and all other premiums, monies, fees, and charges owed, unjustly and inequitably retained, and damages for the conversion, fraud, and unjust enrichment of the Defendant.

## COUNT II
## FRAUD

62.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

63.     Defendant knowingly and intentionally sought to defraud Plaintiffs by taking $320,191.27 and not using the funds for the purpose he represented to the Plaintiffs.

64.     It is unknown where the money is currently being held by Defendant.

65.     Defendant has refused to return the money to Plaintiffs.

66.     Based on the misrepresentations made by Defendant, Plaintiff loaned the money to Defendant.

67.     Defendant's misrepresentations and failure to act in accordance with the representations made to Plaintiffs have caused financial harm.

68.     As a result of intentional misrepresentations of Defendant, Plaintiffs have sustained damages in the amount of $320,191.27 and will continue to sustain additional damages and accrue costs that would otherwise not exist but for the fraudulent behavior and misrepresentations of Defendant.

69.     Furthermore, Plaintiff is entitled to restitution of all damages incurred and all other premiums, monies, fees, and charges owed, unjustly and inequitably retained, and damages for the conversion, fraud, and unjust enrichment of the Defendant.

## COUNT III
## UNJUST ENRICHMENT

70.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

71.     Defendant has, and continues to be, unjustly enriched as a result of the conduct described above in Plaintiffs' Complaint.

72.     After making misrepresentations to Plaintiffs and fraudulently obtaining $320,191.27, Defendant continues to not return the money to Plaintiffs.

73.     Defendant has now disregarded the multiple attempts from Plaintiffs, through phone calls and emails, to return the $320,191.27. Defendant has now caused Plaintiffs to sustain additional damages and will continue to cause Plaintiffs to sustain additional damages the longer he is in possession of Plaintiffs' property.

74.     Retention of the $320,191.27 by Defendant would be unjust and inequitable.

75.     As such, Plaintiffs are entitled to restitution of all damages incurred and all other premiums, monies, fees, and charges owed, unjustly and inequitably retained, and damages for the conversion, fraud, and unjust enrichment of the Defendants.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, for all available damages under the law, including attorneys' fees, punitive damages, actual damages, and such other relief that this Court deems just and equitable.

## BREACH OF CONTRACT

102.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

103.     Through various agreements, Defendant agreed to use the $320,191.27, that he obtained from Plaintiffs, to purchase properties in Pennsylvania.

104.     Under various agreements, Defendant agreed to pay different rates of interest on the sum borrowed.

105.     Defendant did not purchase the properties that he represented to the Plaintiffs.

106.     Defendant did not pay the principal or the interest to Plaintiffs as promised.

107.     Defendant continues to be in possession of $320,191.27 that he borrowed from Plaintiffs.

108.     Plaintiffs have sustained and will continue to sustain financial harm as a result of Defendant's failure to honor various agreements with Plaintiffs.

109.     Defendant reacknowledged his contractual obligations by way of an agreement that he prepared. See Exhibit "B".

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, for all available damages under the law, including attorneys' fees, punitive damages, actual damages, and such other relief that this Court deems just and equitable.

## <u>JURY DEMAND</u>

Plaintiffs hereby demand a trial by jury on all issues.

Respectfully Submitted,

_____

Inder D. Paul, Esquire
WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY
2225 Sycamore Street
Mailbox #625
Harrisburg, PA 17111
(717) 237-6947
Inder.paul@wglaw.com

Date:    June 11, 2025

# EXHIBIT "A"

## LOAN AGREEMENT

This Loan Agreement (the **"Agreement"**) is entered into **1/5/2021**, by and between **Chunhin Leung** with an address of **106 Statura, Irvine, CA,92602** (the **"Lender"**), **Skywide Real Estate LLC,** with an address of 1939 Mifflin St, Philadelphia, PA, 19145 (the **"Borrower"**) and, collectively "the **Parties.**"

WHEREAS, Borrower desires to borrow a fixed amount of money; and
WHEREAS, Lender agrees to lend a fixed amount of money;
IN CONSIDERATION of the mutual promises, covenants, and conditions contained herein, the Parties agree as follows:

1. **Loan Amount.** The Parties agree Lender will loan Borrower $$9,327.08
   (the "**Loan**").

2. **Interest Rate.** The Parties agree the Interest Rate for this loan shall be 13% to be accrued over 12 months.

3. **Loan Term.** This Loan shall be for a period of 12 months.

4. **Repayment.**
   **A.** The parties agree borrower shall pay **Lender** $10539.6 on Jan on the 4th day 2022. Payment shall be applied as follows:
   Principal Loan Amount: $9,327.08; Interest $.1212.62

5. **Late Payments.** Payment shall be considered late if received by Lender 30 days after its due date. **Lender** will have the option to charge a late fee of 1% for every 30 days.

6. **Default.** If **Borrower** defaults on its payments and fails to cure said default within 10 months of the payment is due, the Lender will have the option to declare the entire remaining amount of principal and any accrued interest immediately due and payable.

7. **Prepayment.** The **borrower** will not be penalized for early payment.

8. **Representations and Warranties.** Both Parties represent that they are fully authorized to enter into this Agreement. The performance and obligations of either Party will not violate or infringe upon the rights of any third-party or violate any other agreement between the Parties, individually, and any other person, organization, or business or any law or governmental regulation.

9. **Severability.** In the event, any provision of this Agreement is deemed invalid or unenforceable, in whole or in part, that part shall be severed from the remainder of the Agreement and all other provisions should continue in full force and effect as valid and enforceable.

10. **Waiver.** The failure by either party to exercise any right, power, or privilege under the terms of this Agreement will not be construed as a waiver of any subsequent or further exercise of that right, power or privilege or the exercise of any other right, power, or privilege.

11. **Legal Fees.** In the event of a dispute resulting in legal action, the successful party will be entitled to its legal fees, including, but not limited to its attorneys' fees, collection fees, and the like.

12. **Legal and Binding Agreement.** This Agreement is legal and binding between the Parties as stated above. This Agreement may be entered into and is legal and binding both in the United States and throughout Europe. The Parties each represent that they have the authority to enter into this Agreement.

13. **Governing Law and Jurisdiction.** The Parties agree that this Agreement shall be governed by the State and/or Country in which both Parties reside/do business. In the event that the Parties reside/do business in different States and/or Countries, this Agreement shall be governed by Pennsylvania law.

14. **Entire Agreement.** The Parties acknowledge and agree that this Agreement represents the entire agreement between the Parties. In the event that the Parties desire to change, add, or otherwise modify any terms, they shall do so in writing to be signed by both parties.

The Parties agree to the terms and conditions set forth above as demonstrated by their signatures as follows:

**"LENDER" Chunhin Leung**

Signed: _____*Chunhin Leung*_____

Date: _____01/05/2021_____

**"BORROWER" Skywide Real Estate, LLC**

Signed: _____*Tianyuan Gu*_____ ( "Member", Tianyuan Gu)

Document Ref: 2WJCF-RRNVN-ERSZ8-HRJIV

Date:    01/07/2021

Document Ref: 2WJCF-RRNVN-ERSZ8-HRJIV

# Signature Certificate

Document Ref.: 2WJCF-RRNVN-ERSZ8-HRJIV

Document signed by:



### Chunhin Leung

Verified E-mail:
hin700890@gmail.com



| IP: 68.225.8.76 | Date: 05 Jan 2021 10:50:32 UTC |



### Tianyuan Gu

Verified E-mail:
timgu1230@gmail.com



| IP: 68.82.39.63 | Date: 08 Jan 2021 02:15:06 UTC |

Document completed by all parties on:
08 Jan 2021 02:15:06 UTC
Page 1 of 1



Signed with PandaDoc.com

PandaDoc is the document platform that boosts your
company's revenue by accelerating the way it transacts.



# EXHIBIT "B"

**Loan Repayment and Liability Transfer Agreement**

This Loan Repayment and Liability Transfer Agreement ("Agreement") is made effective as of [Date], by and between:

Party A: Tianyuan Gu ("Gu")
Address: 2240 W Oregon Ave, Ste 11927, Philadelphia, PA, 19145

Party B: Chun Hin Leung ("Chun")
Address: 17 Bellflower, Lake Forest, CA 92630

**Recitals:**

WHEREAS, Gu and Chun as partners and have has received monetary contributions, collectively referred to as "funding", from six individual contributors and through two rounds of crowdfunding, constituting the total sum of money gathered from these specified sources for the purposes outlined in this Agreement;

WHEREAS, Gu's sole responsibility under this Agreement is the timely repayment of these funds, with all other liabilities pertaining to the loan assumed by Chun;

WHEREAS, Chun is responsible for obtaining signed release forms from all six individual contributors (as outlined in Exhibit B) prior to any repayment made by Gu, indicating their acceptance of this Agreement and waiving their right to pursue legal claims against Gu related to this funding once at least one payment is made;

NOW, THEREFORE, in consideration of the mutual promises and agreements contained herein, the parties agree as follows:

**1. Original Loan Amount and Contributors (Exhibit A):**
The original loan amount provided to Gu totals $320,191.27. The detailed list of contributors and respective contributions are outlined in Exhibit A.

**2. Total Purchased Value of Loan:**
The total purchased value of the loan is at 85% of the original total loan value, equating to $272,162.58.

**3. Repayment Terms:**
a. For the first three years, Gu's monthly repayment amount is set to be no less than $4,510.54, due on the 20th of each month starting Feb 15, 2024.
b. The first three years of the loan will bear no interest.
c. "Gu's first payment of 4,510.54 will go toward the sum of specified payments to crowdfunding investors with the total amount of $2.089.

Payment to Crowdfunding Investors:
In accordance with the agreement for the purchase of shares from the crowdfunding investors, the following specific payments have been made by Tianyuan Gu's company to each of the respective investors:

Lucas Selvidge: $1,404.00
James L. Frybarger Jr.: $585.00
Rooman Quraishi: $100.00

Totaling $2,089.00, these amounts are part of the initial repayment amount by Gu.

**4. Adjustable Interest Rate:**

a. The base interest rate for the 4th and 5th years is set at 5%.

**5. Adjustable Interest Rate Adjustments Based on 10-Year Treasury Bond Rate:**

a. Adjustments to the base interest rate will be made annually on January 1st of the 4th and 5th years, based on the 10-year Treasury bond rate.
b. The adjustment rate is 1.5% for each 1% fluctuation in the Treasury bond rate from its last assessed rate (3.941%).

**6. Repayment Extensions and Defaults:**

a. Automatic Extension: In the event that Gu fails to make a monthly payment by the due date, an automatic extension of 60 days will be applied to that payment with a $100 late fee. This extension does not require a formal request from Gu.

b. Chun may declare a default if Gu fails to make a payment within the 60-day extension period.

c. Notice of Late Payment and Response Period: In the event that Gu fails to make a payment within the extension period, Chun is required to issue a Late Payment Notice to Gu. This notice must be delivered within 7 days of the missed payment. Upon receipt of this notice, Gu shall have a period of 45 days to respond and rectify the missed payment.
d. Declaration of Default: Chun may declare a default if Gu fails to make the necessary payment within the 45-day response period following the receipt of the Late Payment Notice. If Chun fails to deliver the Late Payment Notice to Gu within the stipulated 7-day period following the missed payment, Chun forfeits the right to declare a default based on that particular missed payment.

**7. Limitation of Liability and Release Forms (Exhibit B):**

a. Responsibility for Release Forms: Chun is responsible for obtaining signed release forms from all contributors involved in the transaction. Chun must ensure that these forms are authentic, legally binding, and accurately represent the agreement of the contributors.

b. Gu's Release from Individual Legal Claims: Gu is released from individual legal claims related to the transaction upon making at least one payment, as per the terms outlined in the signed release forms provided by Chun.

c. Consequences of Fraudulent Release Forms: In the event that any of the release forms obtained by Chun from other investors are found to be fraudulent, Chun will be held solely responsible. As a consequence, Chun is obligated to reimburse Gu for all payments made to Chun's LLC in relation to these fraudulent release forms. This reimbursement must be made in full within a reasonable timeframe as agreed upon by both parties.

**8. Release of Liability:**
Upon fulfillment of repayment obligations and signing of all release forms, Gu is released from future claims or liabilities related to this loan.

**9. Dispute Resolution:**
Disputes arising from this Agreement are to be resolved through negotiations, followed by mediation or arbitration in accordance with Pennsylvania law.

**10. Governing Law:**
This Agreement is governed by the laws of the Commonwealth of Pennsylvania.

**11. Entire Agreement and Validity:**
This document constitutes the entire agreement between Gu and Chun and supersedes all prior agreements and understandings.

**12. Severability:**
If any provision of this Agreement is found unenforceable, the remainder shall continue in full force and effect.

Additional Clause: Specific Payments to Crowdfunding Investors for Share Purchase

**13. Periodic Renegotiation of Agreement Terms**

a. Periodic Review and Renegotiation of Terms: After Gu completes 12 months of consecutive payments, all terms and conditions of the current agreement are subject to review and potential renegotiation. This periodic review is intended to ensure that the terms remain fair, relevant, and in alignment with the evolving needs and circumstances of both parties.

b. Chun as Representative for Renegotiation: Upon reaching the 12-month milestone, Chun will act as the representative to initiate and conduct renegotiations of the agreement's terms. Chun is responsible for engaging with Gu in good faith, ensuring that any proposed changes or

adjustments to the agreement are discussed openly, thoroughly, and in a manner that seeks to achieve mutual benefit.

c. Process of Renegotiation: The renegotiation process should commence within 30 days following the completion of the 12 months of payments by Gu. Both parties agree to approach renegotiations with the intent to reach an agreement within a reasonable timeframe, not exceeding 60 days from the commencement of renegotiations.

d. Continuation of Existing Terms During Renegotiation: During the renegotiation process, all existing terms of the agreement shall remain in effect until new terms are mutually agreed upon and a revised agreement is executed.

**14. Payment Processing and Shareholder Notification in Vallstay LLC**

a. Payment Details: Gu shall make payments to Chun through Vallstay, with the following banking details:

Routing Number: 322271627
Account Number: 567283232

b. Ownership and Shareholder Addition in Vallstay LLC: - Chun has provided an operating agreement showing 100% ownership of Vallstay. - Chun is required to notify Gu formally every time there is an addition of any shareholder(s) in Vallstay LLC.

c. Conditions for Adding Shareholders: - The only permissible reason for adding additional shareholder(s) in Vallstay LLC is to aid in the management and distribution of funds to investors. - Any intention to add shareholder(s) for reasons other than the aforementioned must be formally presented to Gu and is subject to Gu's approval. Any such request must include a detailed explanation and rationale.

d. Consequences of Non-Compliance: - If Chun fails to notify Gu about the addition of any shareholder(s) in Vallstay LLC, Gu reserves the right to demand a return of all payments made to Chun until such time Chun provides the updated operating agreement. - Additionally, Chun must issue a formal letter explaining the necessity of adding the new shareholder(s) in Vallstay LLC.

**Confirmation of Waiver and Participation:**
All six individual investors participating in the funding have signed the required waivers, as outlined in Exhibit B, ensuring their understanding and acceptance of the terms of this Agreement. Chun is responsible for the submission and verification of these signed waivers.

Both parties hereby affirm that they were granted ample time and opportunity to negotiate the terms and conditions herein. Each party enters into this agreement voluntarily, with a

comprehensive understanding of its provisions and in full agreement with its terms. The parties have executed this Agreement as of the date first written above.

_____

[Signature of Tianyuan Gu]

_____

[Signature of Chun Hin Leung]

Consent to Loan Repayment and Liability Transfer Agreement

This Consent to Loan Repayment and Liability Transfer Agreement ("Consent Agreement") is entered into as of [Date], by the undersigned contributor ("Contributor") in connection with the Loan Repayment and Liability Transfer Agreement ("Primary Agreement") dated [Date of the Primary Agreement] between Tianyuan Gu, represented by Gu ("Tianyuan") and Chun Hin Leung ("Chun").

Recitals:

A. The Contributor has previously provided funds as part of a collective investment organized by Chun for the benefit of Tianyuan.

B. The Contributor acknowledges that they have been informed of the Primary Agreement, under which Tianyuan's repayment obligations and all associated liabilities concerning the contributed funds are being restructured.

C. The Contributor has been furnished with a copy of the Primary Agreement and has had the opportunity to review it.

Contributor Details:

Name of Contributor:
Address of Contributor:
Amount Contributed (as per the Primary Agreement):

Agreement:

Consent to Primary Agreement: The Contributor hereby consents to all the terms and conditions of the Primary Agreement, including but not limited to the transfer of liability from Tianyuan to Chun, and the repayment terms applicable to Tianyuan.

Acknowledgment of Liability Transfer: The Contributor acknowledges that, upon Tianyuan's fulfillment of his repayment obligations as stipulated in the Primary Agreement, all further inquiries, claims, or disputes related to the contributed funds shall be directed exclusively to Chun, and Tianyuan shall be released from any further liability.

No Further Claims Against Tianyuan: The Contributor agrees not to seek any claim or redress against Tianyuan upon or during his fulfillment of the repayment obligations as outlined in the Primary Agreement.

Resolution of Disputes: The Contributor agrees that any disputes or grievances arising in connection with the contributed funds, following the execution of the Primary Agreement, shall be resolved in accordance with the dispute resolution mechanisms outlined therein and acknowledges that such processes shall not involve Tianyuan.

Governing Law: This Consent Agreement shall be governed by the laws of Pennsylvania, and any legal actions or proceedings arising out of or relating to this Consent Agreement shall be subject to the exclusive jurisdiction of the courts of Pennsylvania.

IN WITNESS WHEREOF, the Contributor has executed this Consent Agreement as of the date first written above.

_____

[Contributor's Signature]

[Printed Name of Contributor]

[Date]

List of Investor related to the investment

| Original Loan Amount | | | $320,191.27 |
|---|---|---|---|
| Name | Address | Company | |
| Chun Hin Leung | 17 bellflower, lake forest ,92630 | Skywide real estate international | $109,191.62 |
| Shaoxia Li | 2070 Caleta Ct, Carlsbad, CA 92009 | Unicore Real Estate Trust | $30,000.00 |
| Hong Vuong | 637 Rama Drive, La Puente, CA 91746 | Skywide Real Estate LLC | $11,000.00 |
| Fanli Inc | 20 Bellflower, Lake Forest, CA | BTS Square LLC | $10,000.00 |

| | 92630 | | |
|---|---|---|---|
| Zihui Zhang | 836 n clementine st ,Anaheim ,92805 ,CA | Skywide real estate international | $34,999.65 |
| Vincy Wai | 17 bellflower, lake forest ,92630 | Unicore Real Estate Trust | $10,000.00 |

| Unicore Real Estate Trust | https://www.mrcrowd.com/company/CORE | Unicore Real Estate Trust | $70,000.00 |
|---|---|---|---|
| Class C | https://www.mrcrowd.com/company/SKY-C | Crowd funding | $43,200.00 |