**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MUZI ZHOU, et al.,** Plaintiffs, | : | **CIVIL ACTION NO. 2:25-cv-02989-JHS** |
| v. | : | |
| **TIANYUAN GU,** Defendant. | : | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TIANYUAN GU** |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TIANYUAN GU

Defendant TIANYUAN GU ("Gu" or "Defendant"), by and through his undersigned counsel, hereby answers the Amended Complaint [ECF No. 17] filed by the Plaintiffs, MUZI ZHOU, BRIAN CHUNHIN LEUNG, SHAOXIA LI, ZIHUI ZHANG, AND FANLI INC. (collectively, the "Plaintiffs"), denying every allegation except as to those expressly admitted below.

## NATURE AND SUMMARY OF THE ACTION

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

## JURISDICTION AND VENUE

7. Admitted.

8. Admitted.

## PARTIES

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15. Admitted.

## FACTUAL ALLEGATIONS

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied as stated; whether any money was "owed" to the Plaintiffs is a conclusion of law to which no response is required.

52. Denied.

## COUNT I
## BREACH OF CONTRACT

53. Defendant incorporates herein by reference his responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

54. Denied. Defendant specifically denies that Plaintiffs and Defendant entered into the agreements alleged in Paragraph 54.

55. Denied.

56. Denied.

57. Denied as stated; whether Defendant "materially breached the agreements" is a conclusion of law to which no response is required.

58. Denied.

## COUNT II
## FRAUD/FRAUDULENT MISREPRESENTATION

Count II was dismissed per the Court's Order of August 10, 2026, and thus, it requires no response.

**COUNT III**
**CONVERSION**

Count III was dismissed per the Court's Order of August 10, 2026, and thus, it requires no response.

**COUNT IV**
**UNJUST ENRICHMENT (IN THE ALTERNATIVE)**

69. Defendant incorporates herein by reference his responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied as stated; whether Plaintiffs are "entitled to restitution, disgorgement, and all other equitable relief available under Pennsylvania law" are conclusions of law to which no response is required.

**COUNT V**
**ACCOUNTING**

Count V was dismissed per the Court's Order of August 10, 2026, and thus, it requires no response.

**COUNT VI**
**CONSTRUCTIVE TRUST**

81. Defendant incorporates herein by reference his responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

82. Denied as stated; whether "Defendant acquired real properties, property interests, and/or proceeds using Plaintiff's funds under circumstances involving breach of contract, abuse of confidence, fraud, and unjust enrichment," are conclusions of law to which no response is required.

83. Denied as stated; whether the parties were "in a relationship of trust and confidence," whether Plaintiff's reliance on Defendant's purported "misrepresentations" was "reasonabl[e]", are conclusions of law to which no response is required.

84. Denied as stated; whether "Defendant's retention of the real properties and all related proceeds acquired with Plaintiffs' funds would be inequitable," is a conclusion of law to which no response is required.

85. Defendant denies the allegations in Paragraph 85 as conclusions of law to which no response is required.

86. Paragraph 86 contains no substantive allegation requiring admission or denial by the Defendant, and as such, it is simply acknowledged.

## **DEMAND FOR TRIAL**

This paragraph contains no substantive allegation requiring admission or denial by the Defendant, and as such, it is simply acknowledged.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Defendant reserves the right to amend this Answer and assert additional Affirmative Defenses based upon information obtained during pretrial discovery in this action.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of unclean hands, waiver, estoppel, and laches, and/or other equitable defenses.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any loss or damage, which Defendant denies, any such loss or damage was caused by Plaintiffs' own conduct or that of a third party over whom Defendant had no control, and not by any alleged conduct on the part of the Defendant.

Defendant expressly reserves the right to supplement these Affirmative Defenses as discovery develops.

**WHEREFORE**, Defendant TIANYUAN GU requests that the Court enter judgment in its favor and against the Plaintiffs on all remaining counts of the Amended Complaint, that the Amended Complaint be dismissed with prejudice, and that the Defendant be awarded reasonable costs, attorneys' fees, and expenses in this action, and such other and further relief as this Court may deem just and proper.

RATLIFF JACKSON, LLP

Dated: August 25, 2026

/s/ *Kyle Anthony Adams*
Kyle Anthony Adams, Esq.

RATLIFF JACKSON, LLP
811 Church Road, Suite 105
Cherry Hill, New Jersey 08002
kadams@ratliffjackson.com
C: (215) 240-3912
T: (856) 209-3111 x107
F: (908) 543-3534
*Attorney for Defendant*