**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MUZI ZHOU, et al.,**<br>Plaintiffs,<br><br>v.<br><br>**TIANYUAN GU**<br><br>Defendant. | : | **Case No. 2:25-cv-02989-JHS**<br><br><br><br>**REPORT OF RULE 26(f) MEETING** |

**REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on October 14, 2026 and submit the following report of their meeting for the court's consideration:

1. Discussion of Claims, Defenses and Relevant Issues

**Plaintiff:** Plaintiffs allege that they advanced funds in connection with real estate ventures and that Defendant undertook repayment obligations that remain unpaid. Plaintiffs seek recovery on their remaining claims for breach of contract and, alternatively, unjust enrichment, together with appropriate constructive-trust relief.

Plaintiffs contend that the parties' agreements, communications, and course of dealing establish the obligations on which they seek recovery. Relevant discovery includes the underlying transactions; the terms of the original agreements and any subsequent repayment undertakings; the capacity in which Defendant acted; the receipt, allocation, and disposition of funds and related proceeds; and each Plaintiff's claimed damages, including applicable interest and credits.

Plaintiffs anticipate seeking agreements and amendments, repayment communications,

electronic signature records, financial and accounting records, relevant entity records, and records concerning properties and proceeds connected to the disputed transactions.

**Defendant:** Defendant Gu denies liability on Plaintiffs' remaining claims for breach of contract, unjust enrichment, and imposition of a constructive trust. Defendant disputes the alleged transfers of funds, the existence and terms of any enforceable agreement imposing a personal repayment obligation upon him, and Plaintiffs' entitlement to the amounts claimed. Defendant further disputes that he executed or assented to the alleged $320,191.27 repayment agreement or received and unjustly retained the benefits alleged.

Relevant issues for discovery include the existence, source, recipient, and purpose of each alleged transfer; the authenticity and enforceability of the purported agreements; whether any obligation was undertaken by Defendant individually or by a separate entity; and the factual basis and calculation of each Plaintiff's claimed damages. Defendant also disputes Plaintiffs' entitlement to equitable relief and maintains the defenses asserted in his Answer.

2. **Informal Disclosures**

The parties have agreed to exchange all disclosures required under FRCP 26(a)(1) no later than October 21, 2026.

3. **Formal Discovery**

The parties do not request a phased discovery approach. Discovery will consist of written discovery as well as depositions of the parties. The right to additional third party depositions is specifically reserved.

The parties agree to a 150 day period for fact discovery.

Electronic information will be passed in its native format. Costs of production are to be borne by the requesting party.

4. **Electronic Discovery**

No electronic discovery is anticipated in this matter. However, the parties each reserve the right to Electronic discovery if it becomes necessary based upon what is revealed in discovery.

5. **Expert Witness Disclosures**

No expert witnesses are anticipated. However, the parties each reserve the right to an expert if it becomes necessary based upon what is revealed in discovery.

6. **Early Settlement or Resolution**

The parties request the Court set a settlement conference with a Magistrate Judge of this Court or other appropriate officer as early as the Court may accommodate.

7. **Trial**

No firm trial date is requested. The parties do not stipulate to appointment of a USMJ to preside.

8. **Other Matters**

No additional matters.

/s/ Marjorie Ouyang
Mingzi "Marjorie" Ouyang (*Pro Hac Vice*)
1 Park Plaza, Suite 600
Irvine, California 92614
Tel: (917) 544-8356
Emails: marjorie.ouyang@valleysummitlaw.com
*Counsel for Plaintiffs*

/s/ Kyle Anthony Adams

Kyle Anthony Adams, Esq.
RATLIFF JACKSON, LLP
811 Church Road, Suite 105
Cherry Hill, NJ 08002
Telephone: (215) 240-3912
Email: kadams@ratliffjackson.com

*Counsel for Defendant Tianyuan G*u